**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Aidrus M.,<br><br>Petitioner,<br><br>v.<br><br>Sherburne County Jail, et al.,<br><br>Respondents. | Case No. 26-cv-2086 (JRT/DTS)<br><br><br><br>**ORDER** |

At the time that he filed the petition for a writ of habeas corpus that commenced this action, petitioner Aidrus M. was being detained pending the adjudication of removal proceedings against him. Petitioner challenged whether he was subject (as the government believed) to mandatory detention under 8 U.S.C. § 1226(c), asserting that he was instead entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) at which it would be determined whether he would be released from detention as the removal proceedings continued. The Court directed the government to file a response to the habeas petition, setting forth its position as to whether Petitioner's continuing detention was lawful.

The government filed its response on May 8, 2026. *See* Dkt. No. 7. In that response, the government argued that Aidrus M. was subject to mandatory detention under § 1226(c) for the duration of the removal proceedings. Petitioner was entitled to file a reply to the government's response but failed to do so.

As explained in the Court's May 29, 2026 order, the question of whether Petitioner was subject to detention under § 1226(c) appeared to be genuinely difficult. Only if Petitioner had committed two or more crimes involving moral turpitude would he be subject to § 1226(c). The status of what amounts to a crime involving moral turpitude,

however, is uncertain following the Supreme Court's decision in *Loper Bright Enterprisers v. Raimondo*, 603 U.S. 369 (2024). Even if *Loper Bright* had not changed the status of the law, at least two of Petitioner's prior offenses seemed to be close calls as to whether, under the framework previously set forth by the Eighth Circuit, those offenses would be classified as crimes involving moral turpitude. Accordingly, the Court directed that supplemental briefing be submitted on the question of whether § 1226(c) applied to Petitioner and also appointed counsel on behalf of Petitioner to assist with that briefing.

Neither the Court nor the government was aware when the government submitted its brief on May 8 that, on that same day, Petitioner would be ordered removed from the United States by an immigration judge. *See* Dkt. No. 11 at 3-6. The copy of the order of removal that has since been supplied by the government indicates that Petitioner waived his right of appeal from the order. *Id.* at 6. Because Petitioner waived his right to appeal from the order of removal, the order of removal became final upon the conclusion of proceedings before the immigration judge. *See* 8 C.F.R. § 1241.1(b). And because Petitioner is now subject to a final order of removal that has become administratively final, the question of whether Petitioner should have been detained pursuant to § 1226(c) is now moot, as he is now subject to mandatory detention pursuant to 8 U.S.C. § 1231(a).

The Court has no reason to doubt the veracity of the copy of the order of removal supplied by the government, but in the interest of justice, the Court will afford Petitioner an opportunity to raise any arguments that he might have regarding whether he is, in fact, subject to a final order of removal that has become administratively final. That response must be filed by no later than June 23, 2026. Petitioner is warned that he cannot *challenge* the final order of removal in this habeas corpus proceeding—that is, Petitioner may not

argue that he *should* not have been subject to a final order of removal. The only relevant question at this time is whether Petitioner *was* made subject to a final order of removal to which he waived the right to appeal, as represented by the government.

Finally, because the legal issues for which counsel was appointed to represented Petitioner appear to have become moot, that appointment of counsel is suspended pending the determination of whether this matter has become moot due to the entry of a final order of removal against Petitioner that has become administratively final. Appointed counsel is not likely to materially benefit Petitioner in answering that question, who will know whether the order of removal supplied by the government accurately reflects the status of his removal proceedings.

Dated: June 10, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge