**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Aidrus M., | Case No. 26-cv-2086 (JRT/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Sherburne County Jail, et al., | |
| Respondents. | |

Petitioner Aidrus M. filed a petition for a writ of habeas corpus contending that he was being wrongfully detained pursuant to 8 U.S.C. § 1226(c) for the duration of the then-ongoing removal proceedings against him. On June 8, 2026, the government informed the Court that Petitioner's order of removal had become administratively final and that, as a result, Petitioner was now subject to mandatory detention under 8 U.S.C. § 1231(a), regardless of whether Petitioner had earlier been subject to mandatory detention under § 1226(c) while the removal proceedings were ongoing. *See* Dkt. No. 11. Petitioner was offered an opportunity to respond to the government's representation that he was now subject to a final order of removal and therefore subject to mandatory detention under § 1231(a), *see* Dkt. No. 13, but the deadline for Petitioner to file the response has now passed, and no response has been received from Petitioner.

This Court concludes that this lawsuit has become moot. Even if Petitioner was correct at the time he filed his habeas petition that he was not subject to mandatory detention *then*, there is no reason to believe that Petitioner is not subject to mandatory detention *now*. *See* 8 U.S.C. § 1231(a). Resolving the claims raised in the habeas petition would therefore accomplish nothing as far as Petitioner is concerned. He would remain

subject to mandatory detention no matter what the Court might conclude regarding the merits of his claims related to § 1226(c).

Accordingly, this case has become moot. *See Alier D. v. Sec. of Dept. of Homeland Sec.*, 18-cv-1645, 2018 WL 5847244, at *2 (D. Minn. Nov. 8, 2018) ("The shift of the government's authority to detain the petitioner from § 1226 to § 1231 renders moot his claim based on pre-removal detention."); *accord Walter A. v. Berg*, No. 25-cv-4376, 2025 WL 4482465, at *2 (D. Minn. Nov. 25, 2025); *Maria W. v. Garland*, No. 24-cv-0213, 2024 WL 5494517, at *2 (D. Minn. Apr. 18, 2024). Because the case has become moot, the Court lacks jurisdiction over the habeas petition, which should be denied without prejudice as a result. *Cf. Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005) (en banc).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**THE COURT HEREBY RECOMMENDS**:

1.    The petition for a writ of habeas corpus of petitioner Aidrus M. (Dkt No. 1) be DENIED WITHOUT PREJUDICE AS MOOT.

2.    This matter be DISMISSED.

Dated: July 7, 2026                     s/ David T. Schultz_____
                                        DAVID T. SCHULTZ
                                        United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those

2

objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).